Dear Mr. Randolph:
On behalf of the City of Alexandria, you have requested the opinion of our office with regard to the procedural requirements for municipalities when disposing of property to an Internal Revenue Service 501(c)(3) or (4) nonprofit organization. Specifically, you asked if a municipality must still file suit to obtain possession of the adjudicated property pursuant to La.R.S. 33:2862 and 2863 when disposing of property to a nonprofit organization.
The only constitutional authority for donating adjudicated property derives from La. Const. Art. VII, Sec. 14(B)(6), and is limited to the donation of abandoned and blighted property. This provision limits the authority to make such donations to municipalities with a population greater than four hundred fifty thousand people and only then to a nonprofit organization "which agrees to renovate and maintain such property until conveyance of the property by such organization." Id.
Louisiana Revised Statutes 33:4720.25 et seq., which contain the statutory methods for realizing La. Const. Art. VII, Sec. 14(B)(6), cover the donation of adjudicated property from a municipality to a nonprofit organization. These provisions are separate and apart from those concerning obtaining possession, La.R.S. 33:2862 and 2863, that you mention in your request. La.R.S. 33:2862 and 2863 should only be read in connection with La.R.S. 33:2864, which deals with the leasing of adjudicated property and is thus not relevant to your inquiry.
Donations of adjudicated property by municipalities to nonprofit organizations are covered by Chapter 13-B of Title 33 of the Louisiana Revised Statutes. There is no requirement in this chapter, nor elsewhere in the Louisiana Revised Statutes, that suit must be filed to obtain possession when the intended donee of adjudicated property is a nonprofit organization under the Internal Revenue Code, 26 U.S.C. 501(c)(3) or (4).
Thus, it is our opinion that the suit required under La.R.S. 2862 to obtain possession of adjudicated property need not be filed prior to donation to a nonprofit organization.
In further support of this position, we direct you to La.R.S. 33:4720.30(A), which refers to post-adjudication donation of adjudicated property. This statute specifically addresses the donation of adjudicated property and it includes no language referring to the need to sue to obtain possession when the intended donee is a nonprofit organization.
Another statute to which you refer in your inquiry, La.R.S.33:4717.3, though not part of Chapter 13-B, does cover donations of blighted and abandoned property to nonprofit organizations. This statute is the implementing legislation for La. Const. Art.VII, Sec. 14(B)(6). La.R.S. 33:4717.3 is also devoid of any requirements for the filing of suit to obtain possession when the intended donee is a nonprofit organization. This silence further bolsters our opinion that no suit is required in order to obtain possession of adjudicated property prior to donating such property to a nonprofit organization.
In any scenario involving adjudicated property, it should be borne in mind that there is a three-year period during which the tax debtor can redeem their property by paying their taxes and other necessary costs. La. Const. Art. 7, Sec. 25(B); La.R.S. 47:2221. This redemption period cannot be eliminated by simply donating the property to a nonprofit organization. Indeed, La.R.S. 33:4720.29 explicitly states that "[t]he post-adjudication donation shall not occur until after the redemptive period has elapsed." At the end of this redemption period, the municipality may cancel all of the liens and privileges on the property, thus allowing for a donation of property with a clear title to the nonprofit organization. Id.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: _______________________
 RYAN M. SEIDEMANN Assistant Attorney General
CCF, Jr./RMS/tp